IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JODY JOB, an
individual,

        Plaintiff,

v.                                        Civil Action No. _____

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, a corporation,

        Defendant.

## COMPLAINT

### Introductory Allegations

1.      Plaintiff, Jody Job, is a resident citizen of the State of Alabama.

2.      Plaintiff is informed and believes and based on such information and belief alleges that Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), is a foreign corporation which at all relevant times has done or transacted business in the Northern District of Alabama.

3.      On or about September 12, 2012, Plaintiff was forced to stop working as a result of multiple medical problems including degenerative disc disease, lumbar disc surgery times 2, a re-herniated lumbar disc, stage 3 chronic kidney disease, and peripheral neuropathy.  At that time Plaintiff, was employed as software developer for the Nucor Corporation ("Nucor").  As a result of these conditions, Plaintiff is no longer able to perform her job as a software developer or to do any other work for which she is qualified by reason of her education, training or experience.

4.      During said time period, Nucor had in force and effect a welfare benefit plan which

provided long term disability benefits to its employees through a group policy of insurance with Liberty Life. Liberty Life was the claims administrator for said Plan. Ms. Job made a claim under the Plan in accordance with the terms of that Plan, and her benefits initially were awarded. However, her benefits under said Plan subsequently were terminated. Because Plaintiff's claims herein involve a claim for welfare benefits provided by her employer, her claims are governed by the Employee Retirement Income Security Act ("ERISA").

## COUNT I

### For Denial of Disability Benefits

5. Plaintiff adopts and incorporates by this reference paragraphs 1 through 4, inclusive, of this Complaint.

6. On or about September 12, 2012, Plaintiff became disabled within the meaning of the terms of said Plan, thereby qualifying her for the payment of benefits under that Plan. Plaintiff has remained disabled under the terms of said Plan since that time.

7. Plaintiff complied with all terms of said Plan as a condition precedent to bringing this suit, including exhausting all of her administrative remedies.

8. Defendant's denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, was a violation of the ERISA, and/or was arbitrary and/or capricious. As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff suffered injuries and damages, including, but not limited to the following:

   (a) loss of monetary benefits as set forth within the Plan.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages and/or equitable relief in an amount to be determined by the Court, plus pre-judgment and post-

judgment interest, costs of this suit, and a reasonable attorney's fee.

/s/ John M. Pennington
John M. Pennington, Attorney
Counsel for Plaintiff
1023 Edenton Street
Birmingham, Alabama 35242
(205) 314-5735
Ala. Bar No. ASB-6905-N52J

Serve Defendants Certified Mail
Return Receipt Requested at:


Liberty Life Assurance Company of Boston
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery ,AL 36104